IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAYMOND BURTON, #400-963
    Plaintiff

    v.                               CIVIL ACTION NO. ELH-13-2371

WARDEN BETTY JOHNSON
DIONNE RANDOLPH, FACILITY
  ADMINISTRATOR
LT. PAUL WILLIAMS
OFFICER EMMANUEL DABIRI
    Defendants

MEMORANDUM

Plaintiff Haymond Burton, a Maryland prisoner currently incarcerated at Eastern Correctional Institution in Westover, Maryland, filed suit against several defendants under 42 U.S.C. § 1983, alleging a violation of his civil rights based on an assault at the hands of Correctional Officer Emmanuel Dabiri on February 18, 2013, when plaintiff was housed at Brockbridge Correctional Facility. ECF 1. Defendants Betty Johnson, Dionne Dale,[1] and Paul Williams, through counsel, have filed an unopposed motion to dismiss or, in the alternative, motion for summary judgment ("Motion," ECF 12),[2] supported by exhibits.[3] No hearing is needed to resolve the Motion. *See* Local Rule 105.6. (D. Md. 2011).

---

[1] The Clerk shall amend the docket to reflect that Dionne Dale is now known as Dionne Randolph. *See* ECF No. 12, p. 2, n. 2.

[2] On November 15, 2013, a notice of defendants' filing was sent to Burton, pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* ECF 12. No opposition or response has been filed by Burton.

[3] Defendant Dabiri, acting on his own behalf, has filed an answer to the complaint. ECF No. 14. A separate scheduling order shall be entered governing the progress of this lawsuit with regard to him.

**Standard of Review**

As noted, plaintiff filed a claim for excessive force under 42 U.S.C. § 1983. Defendants Johnson, Randolph, and Williams have styled their motion in the alternative, as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or for summary judgment under Fed. R. Civ. P. 56. Each has attached a Declaration as an exhibit to the Motion.

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under F. R. Civ. P. 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd,* 684 F.3d 462 (4th Cir. 2012). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). This discretion "should be exercised with great caution and attention to the parties' procedural rights." 5 C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 149 (3d ed. 2004, 2011 Supp.). In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d

253, 261 (4th Cir. 1998).[4] In any event, in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Burton was informed of his right to file a response to the motion, and the opportunity to submit affidavits, declarations, and other documentary evidence. *See* ECF 13. But, he did not oppose the motion filed by Johnson, Randolph and Williams.

Summary judgment is ordinarily inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. de Nemours and Co. v. Kolon Industries, Inc.,* 637 F.3d 435, 448 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). Generally, to raise adequately the issue that discovery is needed, the party opposing the motion must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

---

[4] A court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

Burton has not filed an affidavit under Rule 56(d). Nor has he indicated that he is need of discovery with regard to the Motion. Moreover, I am satisfied that it is appropriate to address the Motion as one for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith, Radio Corp.*, 475 U.S. 574, 586 (1986). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: by its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The Fourth Circuit has explained that the party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings, but rather must" set forth specific facts showing that there is a genuine issue for trial. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). And, the court must "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in [his] favor without weighing the

evidence or assessing the witness' credibility. *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002).

Because Burton is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court must also abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Bouchat*, 346 F.3d at 526; *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993); *Celotex Corp.,* 477 U.S. at 323-24). To defeat a properly supported motion for summary judgment, Burton "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Discussion

Burton alleges that he was assaulted by Correctional Officer Dabiri while housed at Brockbridge Correctional Facility on February 18, 2013, in violation of his Eighth Amendment rights. He does not indicate that defendants Johnson, Randolph, or Williams were present during the incident, nor that they had any prior knowledge that such an incident might occur. Moreover, the declarations submitted by Johnson, Randolph, and Williams demonstrate that they were not present during the incident between Burton and Dabiri and had no knowledge that such an incident would occur. ECF 12, Exs. 1-3. Williams's Declaration also states that he responded to the incident but did not arrive on the scene until Burton and Dabiri had been separated. Williams later investigated the incident and filed a report *Id.,* Ex. 3.

At best, Burton appears to have named Johnson and Randolph because they are administrators within the prison. In particular, Johnson is the Warden and Randolph is the Facility Administrator. The law in the Fourth Circuit is well established that the doctrine of

*respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984)).

A claim based on supervisory liability under § 1983 must require facts to show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has not alleged such conduct on the part of Johnson or Randolph.

Defendant Williams, a correctional officer, is a Lieutenant. As to him, plaintiff provides no factual basis for imposing liability on defendant Williams, other than the fact that Williams later investigated the incident.

In sum, there is no basis for recovery favoring plaintiff against defendants Johnson, Randolph, and Williams. Burton does not dispute the evidence contained in the three declarations submitted with the Motion. In view of the undisputed material facts, these defendants are entitled to judgment as a matter of law. A separate Order shall be entered granting judgment in their favor.

January 23, 2014                                         /s/
(Date)                                                   Ellen Lipton Hollander
                                                         United States District Judge