IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAYMOND BURTON,

　　*Plaintiff*,

　　v.

BETTY JOHNSON, *et al.*,

　　*Defendants*.

Civil Action No. ELH-13-2371

**MEMORANDUM**

This Memorandum addresses the "Motion to Reconsider the Court's Order of April 3, 2014 or, in the Alternative Motion to Bifurcate and Stay Discovery" (ECF 33, the "Motion"), filed by defendants Betty Johnson, Dionne Randolph,[1] and Paul Williams (the "Represented Defendants").

Plaintiff Haymond Burton, originally self-represented, filed suit against four defendants under 42 U.S.C. § 1983, alleging a violation of his civil rights based on an assault committed by Correctional Officer Emmanuel Dabiri on February 18, 2013, when plaintiff was housed at Brockbridge Correctional Facility in Jessup, Maryland ("Brockbridge"). *See* ECF 1 (Complaint). According to plaintiff, the Represented Defendants were "legally responsible" for the operations or the supervision of Brockbridge, and for the welfare of the inmates housed there. *Id.* ¶¶ 3-5. Dabiri, who is self-represented, filed an Answer on November 15, 2013 (ECF 14). As discussed, *infra*, Dabiri's current whereabouts are unclear.[2]

---

[1] Although Dionne Randolph was identified in the Complaint as Dionne Dale, ECF 1, she advised that she is "[n]ow known as Dionne Randolph." ECF 12-1 at 2. The docket has been amended to reflect the change. ECF 16 (ordering Clerk to amend docket).

[2] Copies of the Court's Memorandum (ECF 15) and Order (ECF 16), docketed January 23, 2014, were sent via U.S. mail on January 24, 2014, to Mr. Dabiri at the address (a post office box in Jessup, Maryland) that was provided in his Answer (ECF 14). However, those documents

The Represented Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, to which three declarations were attached. *See* ECF 12 & Exh. 1, 2, and 3. No opposition was filed. I construed the Represented Defendants' motion as a motion for summary judgment, which I granted on January 23, 2014. ECF 15, 16.

On February 21, 2014, plaintiff, through counsel, filed a "Motion For Reconsideration Of The Court's Order Of Judgment of January 23, 2014" (ECF 29). He maintained that summary judgment was premature and that discovery is warranted. *See* ECF 29-1 at 3. The Represented Defendants opposed plaintiff's motion for reconsideration. ECF 31. They noted, *inter alia*, that, during the time that plaintiff was without legal counsel, he filed no response to their dispositive motion (ECF 12) and never requested discovery before summary judgment was granted. ECF 31 at 2-3. Further, the Represented Defendants maintained that plaintiff's allegations provided insufficient grounds for recovery against them. *Id.* at 3. As for plaintiff's assertions that Dabiri had "a history of assaulting other inmates" at the facility, the Represented Defendants observed that those claims are found in a declaration that plaintiff failed to attach to his motion for reconsideration. *Id.*

In an Order of April 3, 2014 (ECF 32), I granted plaintiff's motion for reconsideration, vacated summary judgment in favor of defendants Johnson, Randolph, and Williams, and permitted plaintiff to proceed as to all four defendants. Thereafter, the Represented Defendants filed the Motion at issue (ECF 33), seeking reconsideration of the Court's Order of April 3, 2014. Alternatively, they seek bifurcation of the proceedings and a stay of discovery as to the

---

were returned to the Court as undeliverable. *See* ECF 18. Several other filings sent to the Jessup post office box were also returned as undeliverable. *See* ECF 18 and 21 (indicating that additional copies of ECF 15 and ECF 16 were returned as undeliverable); ECF 30 (indicating that ECF 22 was returned as undeliverable); and ECF 34 (indicating that ECF 32 was returned as undeliverable). Since the filing of his Answer, Mr. Dabiri has made no other filings.

Represented Defendants.   The Represented Defendants invoke Fed. R. Civ. P. 54(b), which

states, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than all the parties does not end the
> action as to any of the claims or parties and may be revised at any time before the
> entry of a judgment adjudicating all the claims and all the parties' rights and
> liabilities.

In the Fourth Circuit, "the precise standard governing a motion for reconsideration of an

interlocutory order is unclear." *Randolph v. ADT Sec. Services, Inc.*, 2012 WL 273722, at *2 (D.

Md. Jan. 30, 2012) (Chasanow, J.).   In assessing a Rule 54(b) motion, courts often consider three

factors applicable to a motion for reconsideration brought pursuant to Fed. R. Civ. P. 59 or 60.

*See id.*   Specifically, a motion to reconsider under Rules 59 or 60 is granted only "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v.*

*Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted).   However, as the Represented

Defendants acknowledge, Opp. at 2, "'[m]otions for reconsideration of interlocutory orders'"

brought pursuant to Rule 54(b) "'are not subject to the strict standards applicable to motions for

reconsideration of a final judgment.'" *Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809,

814 (D. Md. 2011) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th

Cir. 2003)).

To be sure, a district court retains the power to reconsider and modify an interlocutory

judgment at any time before final judgment.   *Am. Canoe Ass'n*, 326 F.3d at 514-15.

Accordingly, resolution of a motion to reconsider an interlocutory order is "committed to the

discretion of the district court," *id.* at 515, with "the goal . . . to reach the correct judgment under

law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)

(internal citations omitted). *Accord Lynn v. Monarch Recovery Management, Inc.*, 953 F. Supp. 2d 612, 618-19 (D. Md. 2013); *see also Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (Rule 54(b) recognizes a court's "inherent power to reconsider an interlocutory order 'as justice requires'") (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22-23 (1st Cir. 1985) (Breyer, J.) (observing that "the district judge is in the best position to assess whether or not 'justice requires' [reconsideration]")).

As reflected in the procedural history recounted above, this case's progression, for a variety of reasons, has been atypical. The Motion represents, in part, an effort to file a classic Rule 12(b)(6) motion to dismiss the original *pro se* Complaint (ECF 1). *See* Motion at 2-6 (arguing that plaintiff has failed to state a claim upon which relief can be granted and citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). But, the Represented Defendants had previously elected to frame their dispositive motion as a motion to dismiss or, in the alternative, motion for summary judgment, and had submitted supporting declarations. *See* ECF 12. And, in ruling on the Represented Defendants' unopposed dispositive motion, the Court construed it as a motion for summary judgment. *See* ECF 15, 16.

Plaintiff, who is incarcerated, subsequently obtained counsel, who filed a motion for reconsideration (ECF 29). In granting plaintiff's motion for reconsideration, I concluded that summary judgment in favor of the Represented Defendants was premature. *See* ECF 32 at 3 (citing *E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (in general, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery")). Of relevance to the Motion filed by the Represented Defendants, who seek to undo that ruling, the Fourth Circuit has cautioned that motions for reconsideration

create a risk that there will "'be no conclusion to motions practice,'" with "'each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'"  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001) (Grimm, M.J.)).  That risk becomes particularly acute when, as here, successive motions for reconsideration have been filed.

For the reasons stated in the Court's Order of April 3, 2014 (ECF 32), and to avoid the endless cycle of re-litigation that the Fourth Circuit warned against in *Pinney*, the Represented Defendants' Motion (ECF 33) is denied.

Nevertheless, the Represented Defendants' observations regarding the original *pro se* Complaint, which remains the operative pleading, are not without merit.  I had anticipated that, if plaintiff's counsel was successful in obtaining reconsideration, he would then seek to file an amended complaint, in lieu of the *pro se* complaint.[3]  Yet, counsel has not done so.  Moreover, plaintiff's allegations are, in effect, scattered throughout several pleadings, including the submissions made in connection with plaintiff's motion for reconsideration.  *See, e.g.*, Motion at 3.[4]  In my view, an amended complaint would alleviate that issue, and bring clarity to plaintiff's allegations.  Accordingly, plaintiff shall be ordered to file an amended complaint by June 6, 2014.

---

[3] Notably, when counsel is appointed by the Court for a self-represented prisoner, it is normal practice for the Court to order counsel to file an amended complaint.

[4] As an added complication, not all of those materials are currently available on the docket.  On February 20, 2014, plaintiff filed a "Rule 56 Declaration of Isaac Klein, Esquire" (ECF 25), which was marked by the Clerk as "FILED IN ERROR" and removed from the docket.  When plaintiff re-filed his motion for reconsideration the following day (ECF 29), he failed to attach the declaration.  Yet, briefing submitted by the parties has discussed aspects of the declaration.  *See, e.g.*, ECF 29 at 6; ECF 33 at 3.

The Represented Defendants have also requested, as an alternative to their dismissal, that the Court "exercise its discretion and to bifurcate these proceedings pursuant to Fed. [R.] Civ. [P.] 42(b)."   Motion at 8.   Rule 42(b) allows separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize[.]"   The Represented Defendants assert:   "Because the basis for holding the defendants in this case is tenuous, it would be patently unfair to subject them to the burden and cost of discovery and trial unless and until it has been determined that defendant Dabiri committed a constitutional violation."   Motion at 9 (footnote omitted).

Plaintiff has not filed a response to the Motion.   As such, his views are unknown with respect to the Represented Defendants' proposals for bifurcation of the proceedings and a stay of discovery.   And, notably, it appears that plaintiff still has not located Mr. Dabiri.   In an Order dated February 11, 2014 (ECF 22), I observed: "I assume plaintiff's counsel is attempting to locate defendant Dabiri, as discovery cannot proceed if his whereabouts are unknown."   *Id.* at 2. I also requested that plaintiff's counsel provide the Court with contact information for Mr. Dabiri once it became known, to allow service of filings on Mr. Dabiri.   *See id.*   However, as of this date, the docket continues to reflect the same address for Mr. Dabiri—the post office box in Jessup, Maryland.

Mr. Dabiri is central to this case and to my consideration of the request for bifurcation and a stay of discovery made by the Represented Defendants.   Accordingly, by June 6, 2014, plaintiff's counsel shall provide a status report regarding his efforts to locate Mr. Dabiri, and to file a response to the Represented Defendants' proposals concerning bifurcation and the discovery stay.

In addition, I note that Mr. Dabiri's Answer (ECF 14) contains what appears to be his personal email address.   Accordingly, I ask that the Clerk transmit this Memorandum and the

attached Order, as well as the following prior orders of this Court, to Dabiri at the email address found in ECF 14:  ECF 15 and 16 (Memorandum Opinion and Order); ECF 22 (Order); and ECF 32 (Order).  In an abundance of caution, I also ask the Clerk to transmit this Memorandum and Order to Mr. Dabiri at the Jessup, Maryland address, via U.S. Mail.

Further, Mr. Dabiri is reminded that, under the Local Rules of this Court, all parties, including self-represented litigants, have an ongoing duty to keep a current address on file with the Clerk's Office.  *See* Local Rule 102.1(b)(iii).[5]  Therefore, Mr. Dabiri shall be ordered to provide the Clerk's Office with his current address.

For the foregoing reasons, the Represented Defendants' motion for reconsideration of the Court's Order of April 3, 2014 (ECF 33) is denied.  The alternative motion for bifurcation and a stay of discovery will be held in abeyance.  A separate Order follows, consistent with this Memorandum.


Date:   May 15, 2014                        _____/s/_____
                                            Ellen Lipton Hollander
                                            United States District Judge

---

[5]  Specifically, Local Rule 102.1(b)(iii), which is titled "Duty of Self-Represented Litigants to Keep Current Address on File," states:

> Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing, and if any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party and may enter a default judgment on any claims asserted against that party.