**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HAYMOND BURTON, 400-963            *

          *

      Plaintiff,                *

          *

vs.                               *

          *     Case No.  ELH-13-2371

WARDEN BETTY JOHNSON, *et al.,*    *

          *

      Defendants             *

          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S ANSWER TO MOTION TO DISMISS IN ALTERNATIVE MOTION**
**FOR SUMMARY JUDGMENT**

Now Comes, Plaintiff, Haymond Burton, by Isaac Klein his attorney and in Answer to

Defendants Motion to Dismiss states as follows:

1.  That on July 15, 2014 at the request of the Defendants to Bifurcate this case and

    Stay Discovery, the Plaintiff agreed to Bifurcate the Defendants from Defendant

    Dabiri and to Stay Discovery as to those Defendants.

2.  That notwithstanding said agreement Defendants had filed a Motion to Dismiss.

Clearly the Plaintiff has not had an opportunity for Discovery. Defendants Motion should be

denied at this time, because Plaintiff has not yet had an opportunity for Discovery.

3.  A well respected treatise, explaining the federal counterpart to Rule 2-501(d)[1] has

    explained that:

    The purpose of subdivision (f) is to provide an additional safeguard
    against an improvident or premature grant of summary judgment

---

[1]When interpreting Maryland's summary judgment rule, the Court of Appeals will apply decisions of the federal courts interpreting the federal summary judgment rule.  See <u>Beatty v. Trailmaster Prods., Inc.</u>, 330 Md. 726, 738 (1993) (expressly citing, quoting, and relying on <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)); <u>Bits N Bytes Computer Supplies, Inc. v. Chesapeake & Potomac Tel. Co.</u>, 97 Md. App. 557, 580 (1993).

and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality.

\*          \*          \*

One of the most common reasons offered under Rule 56(f) for being unable to present specific facts in opposition to a summary-judgment motion is insufficient time or opportunity to engage in discovery. A major objective of subdivision (f) has been to ensure that a diligent party is given a reasonable opportunity to prepare the case. In keeping with this philosophy, the granting of summary judgment will be held to be error when discovery is not yet completed, and summary judgment has been denied as premature when the trial court determines that discovery is not finished.

Wright, Miller & Kane, Federal Practice & Procedure, §§ 2740 and 2741 (1998).

4.  The Fourth Circuit recently stated, in Evans v. Technologies Applications & Service Co., 80 F.3d 954 (4th Cir. 1996), As a general rule, summary judgment is appropriate only after "adequate time for discovery." "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." 80 F.3d at 961 (citations omitted).  In Oksanen v. Page Memorial Hospital, 912 F.2d 73 (4th Cir. 1990), rehearing granted, en banc, 1990 U.S. App. LEXIS 18432 (4th Cir. Sept. 30, 1990), reh'g, 945 F.2d 696 (4th Cir. 1991), cert. denied, 502 U.S. 1074 (1992), the Fourth Circuit held: Appellate courts, both before and after the above three cases were decided, consistently have reversed summary judgment dispositions when the nonmovant has not had sufficient opportunities for discovery. In Sames v. Gable, 732 F.2d 49 (3d Cir.1984), the district court granted summary judgment in spite of the fact that plaintiffs' interrogatories remained unanswered.  Vacating and remanding for further discovery, the court of appeals emphasized that it had previously "criticized the practice of granting

summary judgment motions at a time when pertinent discovery requests remain unanswered by the moving party[.]"   732 F.2d at 51 (citing to and quoting from Costlow v. United States, 552 F.2d 560, 564 (3d Cir.1977) (district court abused its discretion in granting summary judgment with discovery requests outstanding)).   An analogous situation presented itself in Snook v. Trust Co. of Georgia Bank of Savannah, 859 F.2d 865 (11th Cir.1988), where the district court had granted summary judgment while plaintiffs' motion to compel documents was pending. Reversing, the panel concluded that "[g]enerally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests."   859 F.2d at 870.   See also Murrell v. Bennett, 615 F.2d 306, 310 (5th Cir.1980) 912 F.2d at 78 (citations omitted; emphasis added).

WHEREFORE the Plaintiff prays that this Motion be denied at this time .


                                     Respectfully Submitted,

                                  ___*/s/*_____
                                  Isaac Klein
                                  Bar No. 26946
                                  Attorney-at-Law
                                  One North Charles Street Suite 350
                                  Baltimore, Maryland 21201
                                  (410)727-4880 (telephone)
                                  (410) 727-6302 (facsimile)
                                  ikleinlaw@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of September, 2014, a copy of the foregoing

Response to Motion to Dismiss, was mailed, postage prepaid to the following:


Emmanuel Dabiri,
14904 Downey Court
Bowie, Maryland 20721

Dorianne A. Melroy
Assistant Attorney General
St Paul Plaza -19th Floor
200 St. Paul Street
Baltimore, Maryland 21202
Attorney for Defendants, Betty Johnson, Paul Williams and Diane Dale


_____*/s/*_____
Isaac Klein, Esq.