IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAYMOND BURTON,                          *

     Plaintiff,                        *

v.                                       *          Civil No. ELH-13-2371

OFFICER EMMANUEL DABIRI,                 *

     Defendants.                       *

                   *      *      *      *      *      *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff Haymond Burton's ("Burton") Motion for Default Judgment ("Motion") (ECF No. 73).[1] For the reasons set forth below, I respectfully recommend that Burton's Motion be denied and that Burton's remaining claims be dismissed pursuant to Rule 41(b).

## I.      BACKGROUND

During the course of this case, Burton has made procedural errors and violated orders of the Court at every turn. A summary of the history of this litigation is useful in considering whether dismissal pursuant to Rule 41(b) is appropriate.

On August 14, 2013, Burton, who was then self-represented, filed a complaint against the defendants. (ECF No. 1.) On November 14, 2013, the represented defendants (Warden Betty Johnson, Dionne Dale, and Lieutenant Paul Williams) filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 12.) Burton did not respond to the motion. On January 23, 2014, the Court issued a memorandum opinion and order that, among other things,

---

[1] On August 5, 2015, in accordance with 28 U.S.C. § 636 and Local Rule 301, Judge Hollander referred this case to me for a report and recommendation on the Motion. (ECF No. 74.)

granted summary judgment to the represented defendants. (ECF No. 15.) Thereafter, the represented defendants moved for the entry of final judgment. (ECF No. 17.)

Approximately six months later, Burton retained counsel and filed a document titled "Answer to Motion for Extension of Time."[2] (ECF No. 19.) In this document, Burton stated that "[c]ounsel [was] just being retained" and he required an extension of time to "properly investigate and prepare a Motion for Reconsideration" of the Court's order granting summary judgment to the represented defendants. (*Id.*) The Court denied Burton's request for an extension of time (ECF No. 22), as well as the represented defendants' Motion for Order of Final Judgment (ECF No. 17), finding that the entry of a final judgment would be premature in light of Burton's professed intention of seeking reconsideration. (ECF No. 22 at 2.) In addition, the Court directed Burton to provide the Clerk of Court with information about self-represented defendant Emmanuel Dabiri's ("Dabiri") mailing address or whereabouts.[3] (*Id.*)

Burton filed his motion for reconsideration on February 21, 2014. (ECF No. 29.) He stated that when he was self-represented, he was not aware that he was permitted to conduct discovery to oppose a motion for summary judgment, and that upon his counsel's review of the supervisory claims against the represented defendants it was necessary to conduct discovery. (*Id.* at 6.) The represented defendants filed a response in opposition, arguing that the motion should be denied because (1) Burton failed to file any opposition to the represented defendants' motion for summary judgment and (2) the requirements for reconsideration (an intervening change in

---

[2] Burton filed two copies of this document on CM/ECF. (ECF Nos. 19 & 20.) The filings are identical in substance.

[3] On November 15, 2013, Dabiri filed his answer to the Complaint. (ECF No. 14.) After this filing, the docket reflects that numerous docket entries mailed to Dabiri were returned to the Court as undeliverable. (*See* ECF Nos. 18, 21, 30, 34, 37 & 42.)

controlling law, additional evidence that was not previously available, or clear error) had not been met. (ECF No. 31.)

On April 3, 2014, the Court granted Burton's Motion for Reconsideration because the nature of Burton's allegations required that some discovery be permitted before summary judgment was entered in favor of the defendants. (ECF No. 32.) The represented defendants sought reconsideration of this order. (ECF No. 33.) In an order denying the request for reconsideration, the Court noted that "this case's progression, for a variety of reasons, has been atypical." (ECF No. 35 at 4.) For instance, the Court noted that Burton's counsel had not yet sought leave of the Court to file an amended complaint, which is unusual in the case of a once self-represented party who retains counsel. In addition, the Court noted that Burton's counsel had misfiled a number of documents including a "Rule 56 Declaration of Isaac Klein, Esquire," which was marked by the Clerk as "FILED IN ERROR," removed from the docket, but never refiled. (*Id.* at 5.)

In an attempt to insert some order into the progression of this case on May 15, 2014, the Court directed Burton to seek leave to file an amended complaint by June 6, 2014. (ECF No. 36.) The Court also directed Burton to provide a status report on his efforts to locate Dabiri and a response to the proposal from the represented defendants regarding a discovery stay. (*Id.*) Burton did not comply with this order.

On June 10, 2014, the Court again ordered Burton to comply with the order dated May 15, 2014. (ECF No. 38). The Court warned that a "failure to comply with an Order of this Court may result in the dismissal of some or all of plaintiff's claims and/or sanctions against plaintiff's counsel." (*Id.*) Again, Burton did not comply with the order.

On June 23, 2014, the Court issued a show cause order for civil contempt. (ECF No. 39.) The show cause order stated that Burton's counsel violated the Court's orders of May 15, 2014 (ECF No.

36) and June 10, 2014 (ECF No. 38). Burton's counsel was ordered to appear to show cause why he should not be held in civil contempt for his violations. Two days later, the represented defendants filed a motion to dismiss pursuant to Rule 41(b), citing Burton's failure to comply with the Court's orders. (ECF No. 40.)

On July 15, 2014, Burton filed a status report regarding his efforts to locate Dabiri and providing an address that he believed to be current. (ECF No. 43.) On the same date, Burton filed an Amended Complaint (ECF No. 44), a response to the represented defendants' request for bifurcation and stay of discovery (ECF No. 45), and a response to the represented defendants' motion to dismiss for lack of prosecution (ECF No. 46). In light of these filings, the Court denied the represented defendants' motion to dismiss pursuant to Rule 41(b) and cancelled the show cause hearing. (ECF No. 47.)

On August 18, 2014, the represented defendants filed a motion to dismiss or for summary judgment as to the Amended Complaint. (ECF No. 50.) After the time passed for Burton to file a response to the motion, and without any such filing having been made, the Court ordered Burton to respond. (ECF No. 51.)

On September 17, 2014, Burton responded to the represented defendants' motion to dismiss. (ECF No. 54.) He argued that dismissal of the case, or entry of summary judgment in the represented defendants' favor would be premature because he needed an opportunity to conduct discovery. In reply, the represented defendants noted that they were entitled to dismissal without the necessity of conducting discovery based on their immunity defenses and Burton's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (ECF No. 55.) The represented defendants also noted that Burton failed to oppose the motion with the information required by Rule 56(d). (*Id.* at 6.)

On November 5, 2014, the Court entered an order that outlined Dabiri's history of non-participation in this litigation since the filing of his Answer. (ECF No. 56.) The order directed Burton

to file a motion for clerk's entry of default by November 12, 2014. Burton subsequently filed a "Motion for Default Judgment" and a proposed "Order of Default," but the documents did not comply with the Court's order or the two-step process established by Rule 55 for obtaining the clerk's entry of default, followed by the entry of default judgment. By order dated November 26, 2014, the Court ordered Burton to properly file a motion for clerk's entry of default by December 9, 2014. (ECF No. 61.)

On December 10, 2014, Burton filed a "Motion to Extend Clerk Entry of Default Judgment." (ECF No. 62.) The motion stated that Burton's counsel was "out of the country" and would require an additional ten days to comply with the November 26, 2014 order. (*Id.*) The Court noted that Burton's motion was "replete with errors," and that it could not be granted as written, even if the Court was so inclined. (ECF No. 63.) The Court denied Burton's request for an extension as it was framed, but did grant an extension of time, until December 23, 2014, to seek the clerk's entry of default. (*Id.* at 2.) Thereafter, Burton filed a motion for the clerk's entry of default (ECF No. 64), which the represented defendants opposed (ECF No. 65).

The Court denied the represented defendants' renewed motion to dismiss or for summary judgment and entered a scheduling order. (ECF No. 66.) Several months later, at the close of discovery, the parties filed a joint status report. (ECF No. 68.) The status report stated that (1) Burton would request that the Court dismiss with prejudice all claims against the represented defendants, (2) that upon dismissal of these claims, the represented defendants' opposition to the clerk's entry of default as to Dabiri would be withdrawn, and (3) that the represented defendants would provide Burton with a copy of certain video footage related to the incident alleged in the Amended Complaint. (ECF No. 68.) The Court approved the parties' stipulation of dismissal as to the represented defendants on May 19, 2015. (ECF Nos. 69 & 70.)

The Clerk's Entry of Default as to Dabiri was docketed on June 16, 2015. (ECF No. 71.) Burton did not take any action in the case as a result of the Entry of Default. On July 23, 2015, the

Court ordered Burton to file a status report regarding Dabiri. (ECF No. 72.) Subsequently, as directed by the Court, Burton filed the Motion for Default Judgment, a verbatim recitation of which is set forth below:

> Pursuant to the courts order dated August 5, 2015, Plaintiff, Haymond Burton, by and through his undersigned counsel, hereby moves for Default Judgment against Defendant, Emmanuel Dabiri.

(ECF No. 73.) The Motion was referred to me for a report and recommendation. (ECF No. 74.)

On September 15, 2015, I ordered Burton to supplement the Motion with, among other things, his calculation of damages and the legal authority that supported his entitlement to those damages. (ECF No. 75.) Burton did not comply with this Order.

On October 1, 2015, I again ordered Burton to provide the supplement, and stated that if he "fails to file a supplement by October 9, 2015, I will consider recommending that Plaintiff's remaining claims be dismissed pursuant to Fed. R. Civ. P. 41(b)." (ECF No. 76.) Burton requested an extension of time to provide the supplement, which I granted in part on October 8, 2015. (ECF No. 78.) In that order, I stated that Burton's supplement was to be filed no later than October 29, 2015. (*Id.*) Burton did not comply with this Order.

## II.     ANALYSIS

When a court considers a motion for default judgment, it must make two types of determinations. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). First, it must determine whether the factual allegations contained in the complaint, if accepted as true, constitute a legitimate cause of action. *Id.* Second, if the court determines that a plaintiff has established liability, the court must determine the appropriate amount of damages. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010). Where a plaintiff's complaint

does not specify a "sum certain" of liquidated damages, the court must rely on affidavits, documentary evidence, or testimony to determine the appropriate sum. *Id.*

Here, Burton's Motion contains no information to assist the Court in making a determination of what damages, if any, are appropriate.[4] In an effort to obtain from Burton evidence that is relevant to the Court's determination of damages, I ordered Burton to supplement the Motion. When he initially failed to comply with my order, I gave him another opportunity to submit his supplement, and warned him that failure to do so might result in a recommendation that his case be dismissed.[5] In spite of an extension of time to submit the supplement, Burton still has not complied with the Court's orders.

"A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for this sanction.'" *U.S. ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The Fourth Circuit has stated that district courts should not exercise their power to dismiss cases pursuant to Rule 41(b) mechanically or as a matter of course, but only in cases with "a clear record of delay or contumacious conduct by the plaintiff." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit has instructed that district courts consider

---

[4] Also absent from Burton's Motion is any information about the legal elements of each of the claims in the Amended Complaint. Normally, a party moving for the entry of default judgment includes this information to assist the Court in its analysis. A party's failure to include this information, however, does not obstruct the Court's ability to determine liability, which is a legal determination made based on the facts asserted in the complaint and the controlling law.

[5] This is not the first time that the Court warned Burton about the possibility of dismissal pursuant to Rule 41(b) in this case. (*See* ECF No. 38.)

"four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior. *Id.*

The first factor that the Court must consider is "the plaintiff's degree of personal responsibility." *Hillig*, 916 F.2d at 174. The Court notes that, other than the poor selection of his counsel, Burton has limited personal responsibility for his attorney's violation of the Court's orders and general failure to prosecute this case, at least directly. There is no information before the Court that Burton has refused to cooperate with his attorney in formulating a response to the Court's orders. It is noteworthy, however, that this litigation is more than two years old, but absolutely no progress of any significance has been made. It is fair to wonder whether Burton questioned his counsel as to why no progress had been made in the case, and why his counsel violated every order of the Court. In any event, it is clear from the record that most of the blame lies with Burton's counsel.[6]

The second factor is "the amount of prejudice caused the defendant." *Hillig*, 916 F.2d at 174. After filing an answer to the original complaint, the defendant has elected not to participate in this litigation and has been found by the Clerk of Court to be in default. He has not been prejudiced by Burton's general lack of prosecution and Burton's violation of the Court's orders. If anything, Dabiri has benefited from Burton's conduct in this case.

---

[6] Regardless of whether the Court dismisses this case, Burton may have a "good malpractice action" against his attorney. *See Tolliver v. Northrop Corp.*, 786 F.2d 316, 318 (7th Cir. 1986).

Case 1:13-cv-02371-ELH   Document 79   Filed 12/18/15   Page 9 of 12


The third factor is "the presence of a drawn out history of deliberately proceeding in a dilatory fashion." *Hillig*, 916 F.2d at 174. As to this factor, Burton has repeatedly ignored the Court's orders, even after being warned that such conduct could result in dismissal pursuant to Rule 41(b). The Court provided Burton with two opportunities to supplement his Motion, and specifically warned him of the consequences of his failure to do so. The Court also provided Burton with additional time to file his supplement when he requested it.[7] In addition, as noted above, Burton has utterly failed to prosecute this case. To the extent that this litigation has progressed at all in the past two years, it has been because the Court has required Burton to take certain steps—and threatened him with civil contempt sanctions when he repeatedly failed to do so.

The fourth factor is "the effectiveness of sanctions less drastic than dismissal." *Hillig*, 916 F.2d at 174. Here, there do not appear to be sanctions less drastic than dismissal that would be effective in securing Burton's compliance with the Court's orders. The Court has already made clear to Burton that his case could be dismissed if he did not submit a supplement to his Motion. He has nonetheless, and without explanation, failed to comply with the Court's orders. In addition, Burton has repeatedly made procedural mistakes throughout this case. Even when he was given the opportunity for almost certain victory against Dabiri, who has now been found to be in default, he squandered it. It does not appear that any sanction will make Burton comply with the Court's orders and be diligent in his prosecution of this case.

As other courts have noted, "the four factors discussed in [*Hillig*] are not a rigid four-prong test." *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (citing *Chandler Leasing*

---

[7] On October 7, 2015, Burton filed a request for "a 45 day extension of [the Court's] order dated October 1, 2015." (ECF No. 77.) Although the Court provided Burton with only a 21 day extension of time to file his supplement, more than 45 days have passed and Burton still has not complied with the Court's orders. (*See* ECF No. 78.)

*Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), a predecessor case to *Hillig*). Instead, courts

must make a determination on the propriety of a Rule 41(b) dismissal based on the particular

circumstances of the case. *Id.* Here, Burton's history of failing to prosecute this case and his

repeated violations of the Court's orders suggest that dismissal is appropriate.

As the Court has previously noted, "this case's progression . . . has been atypical." (ECF

No. 35 at 4.) The context in which this case has been pending for more than two years is

important to consider. With the possible exception of the settlement with the represented

defendants, it appears that Burton has made no effort to advance this litigation. Instead, he has

violated the Court's orders, which has resulted in the obstruction of any progress in this case.

While the blame for the violations of the Court's orders lies largely with Burton's counsel, this

does not mean that the case is immune from dismissal. The Seventh Circuit's discussion of a

litigant's responsibility for his attorney's errors is persuasive:

> [A] litigant is bound by his lawyer's acts. . . . Holding the client responsible for
> the lawyer's deeds ensures that both clients and lawyers take care to comply. If
> the lawyer's neglect protected the client from ill consequences, neglect would
> become all too common. It would be a free good—the neglect would protect the
> client, and because the client could not suffer the lawyer would not suffer either.
> The court's power to dismiss a case is designed both to elicit action from the
> parties in the case at hand and to induce litigants and lawyers in other cases to
> adhere to timetables. A court cannot lightly excuse a litigant because of the
> lawyer's neglect without abandoning the pursuit of these objectives.

*Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986) (internal citations omitted).

The Court's consideration of whether dismissal is appropriate under Rule 41(b) calls to

mind the factors courts consider in determining whether dismissal is an appropriate sanction

under Rule 37(b) and (d). *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d

88, 92 (4th Cir. 1989); *see also Young Again Prods. V. Acord*, 459 F. App'x 294, 302 (4th Cir.

2011) (noting that the analysis governing dismissal and the entry of default judgment under

Rules 37(b) and 41(b) are similar). Before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)). "The need for deterrence of the particular sort of noncompliance" is a relevant factor here. *See id.* A party's repeated violations of this Court's orders must be deterred, particularly when the violations bring the progress of the litigation to a halt. Future litigants must be aware that the Court's patience with violations of its orders is easily exhausted.

In addition, Burton's violation of the Court's orders was not an innocent, one-time mistake. The Court cautioned him throughout this litigation that failure to comply with the Court's orders could result in dismissal pursuant to Rule 41(b). The Court specifically cautioned him that failure to supplement his Motion could result in such dismissal. Burton was aware of the orders requiring him to supplement his Motion, but he nonetheless ignored them. "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (citing *Ballard*, 882 F.2d at 95–96). A magistrate judge's "explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact" that, in the event of noncompliance with the order, leaves a court with "little alternative to dismissal." *Ballard*, 882 F.2d at 95-96 ("Any other course would . . . place[] the credibility of the court in doubt and invite[] abuse.").

## III.    RECOMMENDATION

Having considered the four *Hillig* factors in the particular circumstances of this case, I recommend that the Court deny Burton's Motion for Default Judgment and dismiss this case pursuant to Rule 41(b). In the alternative, if the Court finds that such dismissal is not warranted, I recommend that the Court deny Burton's Motion for Default Judgment, strike Burton's counsel's appearance from the case, and direct Burton to refile a motion for default judgment that complies with the Federal Rules and the Court's prior orders regarding the calculation of damages.[8] *See Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1076-77 (D.C. Cir. 1986)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72 and Local Rule 301.5.

December 18, 2015
Date

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[8] If the Court accepts my alternative recommendation, I also recommend that the Court appoint pro bono counsel to assist Burton in the preparation of his motion for default judgment, as well as the preparation of the appropriate writ to secure Burton's appearance during any hearing that may be necessary on the issue of damages.